IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| IN RE: DAMIEN SAMUEL FONTES, <br><br> Petitioner. | CV 18-00039-BU-BMM-JCL <br><br> FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Petitioner Damien Fontes, filed an affidavit of inability to pay fees and other costs (Doc. 1) and a petition for change of name (Doc. 2) but provided no basis for federal jurisdiction. Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "[S]ubject- matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Moreover, courts, . . . , have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (internal citations and quotations omitted).

Congress has authorized federal jurisdiction in cases which present a federal question as set forth by 28 U.S.C. § 1331, or where there is complete diversity of citizenship and the amount in controversy exceeds $75,000 as set forth by 28

U.S.C. § 1332.  As the party seeking to invoke federal subject matter jurisdiction, Fontes has the burden of establishing that jurisdiction exists.  *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977).

Fontes has not named a Defendant and therefore cannot establish diversity jurisdiction under 28 U.S.C. § 1332.  In addition, Fontes has not stated a federal claim for relief sufficient to establish federal question jurisdiction under 28 U.S.C. § 1331.  The changing of a person's name does not involve a federal question.  Fontes makes no allegation that his federal rights have been violated.

As there is no basis for federal jurisdiction, the Court issues the following:

### RECOMMENDATIONS

1. The Affidavit of Inability to Pay Fees and Other Costs (Doc. 1) as construed as a motion to proceed in forma pauperis should be DENIED and this matter dismissed for lack of subject matter jurisdiction.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.  The record makes

plain the instant Complaint lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Fontes may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 28th day of June, 2018.

Jeremiah C. Lynch
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Fontes is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

3